IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-2243 |
| CONCIERGE CARE NURSING CENTERS, INC., *et al.*, | § § § | |
| Defendants. | § | |

# **MEMORANDUM AND ORDER**

This insurance case is before the Court on the Motion for Summary Judgment [Doc. # 44] filed by Nautilus Insurance Company ("Nautilus"), Evanston Insurance Company ("Evanston"), Amerisure Insurance Company ("Amerisure"), and Travelers Lloyds Insurance Company, Travelers Property Casualty Company, and Travelers Indemnity Company of Connecticut (collectively, "Travelers") (collectively, "Insurers").[1] Concierge Care Nursing Centers, Inc. and Houston Concierge Care, L.P. ("Concierge") filed a Response [Doc. # 49], and Insurers filed a Reply [Doc. # 53].

---

[1] Also pending is Nautilus's Motion for Summary Judgment [Doc. # 42], Evanston's Motion for Summary Judgment [Doc. # 43], Travelers' Motion for Summary Judgment [Doc. # 46], and Amerisure's Motion for Summary Judgment. Each of these motions raises issues that are fact specific to the moving insurer. Because all of Concierge's claims against all Insurers are barred by the anti-assignment provisions of the relevant insurance policies, these individual motions are denied as moot.

Having reviewed the full record and applied the governing legal authorities, the Court concludes that Concierge's claims are barred by the anti-assignment provision of each relevant insurance policy. As a result, Insurers are entitled to summary judgment.

## I.     BACKGROUND

In 1999, Brae Burn Construction Company, Inc. ("Brae Burn") entered into a contract to build a skilled nursing facility for Concierge. Brae Burn entered into subcontracts with Nevco Waterproofing, Inc. (insured by Nautilus), Antex Roofing, Inc. (insured by Travelers), Mitchell Chuoke Plumbing, Inc. (insured by Amerisure) and Conex Constructors, Inc. (insured by Evanston). In August 2000, a Certificate of Substantial Completion was issued, and Concierge took possession and control of the building.

Concierge claimed that the building eventually developed water leaks and mold. Concierge sued Brae Burn for the resulting damage to the building. In August 2006, Concierge and Brae Burn settled their lawsuit for $3,000,000.00. Concierge alleges that, as part of the settlement, Brae Burn assigned its claims against the subcontractors and their insurers to Concierge.

In 2008, Concierge, as Brae Burn's purported assignee, filed a lawsuit against the subcontractors and the Insurers for indemnity. In May 2010, while dispositive

motions were pending, Concierge non-suited the Insurers from the lawsuit intending to refile the claims at a later date.

Rather than wait for another lawsuit, Insurers filed this lawsuit seeking a declaration that Concierge does not have coverage under any of the relevant policies. A few days later, Concierge refiled its claims against the Insurers.[2]

Insurers filed a Motion for Summary Judgment asserting, *inter alia*, that any purported assignment to Concierge of Brae Burn's claims against the Insurers is invalid under the anti-assignment provisions of the relevant insurance policies. The Motion for Summary Judgment has been fully briefed and is now ripe for decision.

## II.     SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Summary judgment "should be rendered if the pleadings, the

---

[2]  The lawsuit was refiled in state court, was removed to federal court, and was subsequently remanded to state court. *See* Memorandum Opinion and Order of Remand [Doc. # 25] in *Concierge Care Nursing Centers, Inc., et al. v. Antex Roofing, Inc., et al.*, Civil Action No. H-10-3362.

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). "The interpretation of an insurance policy is a question of law." *Cal-Dive Intern., Inc. v. Seabright Ins. Co.*, __ F.3d __, 2010 WL 4706221, *2 (5th Cir. Nov. 22, 2010).

### III. ANTI-ASSIGNMENT PROVISIONS

Each Insurer's insurance policy includes a anti-assignment provision precluding assignment of any rights and duties under the policy without the Insurer's written consent. Concierge argues that these anti-assignment provisions do not apply to post-loss assignments, do not apply absent a showing that the Insurer has been prejudiced by the assignment, and do not apply because the Insurers are estopped to assert the provisions. With reference to the estoppel argument, Concierge did not plead estoppel and, therefore, the argument is waived. *See* FED. R. CIV. P. 8(c); *Rogers v. McDorman,* 521 F.3d 381, 385 (5th Cir. 2008).

Concierge's arguments regarding post-loss assignments and the requirement for Insurers to demonstrate prejudice have recently been rejected by the United States Court of Appeals for the Fifth Circuit. In *Keller Foundations, Inc. v. Wausau Underwriters Ins. Co.*, the Fifth Circuit held specifically that non-assignment clauses

are enforceable in Texas "even for assignments made post-loss." ___ F.3d ___, 2010 WL 4673026, *2 (5th Cir., Nov. 19, 2010).  The Fifth Circuit squarely rejected the argument that the insurance company "must show prejudice in order to enforce the non-assignment clause." *Id.* at *3.

In this case, the anti-assignment provisions of the insurance policies preclude assignment of Brae Burn's rights to Concierge absent written consent of the Insurers.  It is undisputed that there was no written consent to the purported assignment.  As a result, there was no valid assignment.  Concierge may not seek to enforce Brae Burn's rights against Insurers, who are entitled to summary judgment.

## IV.    CONCLUSION AND ORDER

The anti-assignment provisions in the Insurers' policies bar Concierge's claims against Insurers.  Consequently, it is hereby

**ORDERED** that Insurers' Motion for Summary Judgment [Doc. # 44] is **GRANTED**.  All other Motions for Summary Judgment [Docs. # 42, #43, #46, and # 48] are **DENIED AS MOOT**.  The Court will issue a separate final order.

SIGNED at Houston, Texas, this **28**[th] day of **December, 2010**.

_____
Nancy F. Atlas
United States District Judge