# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE CO., *et al.*, § § | | |
| Plaintiffs, § § | | |
| v. § § | CIVIL ACTION NO. H-10-2243 | |
| CONCIERGE CARE NURSING § CENTERS, INC., *et al.*, § Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for New Trial ("Motion") [Doc. # 60] filed by Defendants Concierge Care Nursing Centers, Inc. and Houston Concierge Care, L.P. (collectively, "Concierge"), to which Plaintiffs filed a Joint Response [Doc. # 61]. Concierge neither filed a reply nor requested additional time to do so. Having reviewed the record and applied governing legal authorities, the Court **grants** the Motion to the extent that the estoppel issue will be considered on the merits.

## I.   BACKGROUND

In 1999, Brae Burn Construction Company, Inc. ("Brae Burn") entered into a contract to build a skilled nursing facility for Concierge. Brae Burn entered into subcontracts with companies insured by Plaintiffs. In August 2000, a Certificate of

Substantial Completion was issued, and Concierge took possession and control of the building.

Concierge claimed that the building eventually developed water leaks and mold. Concierge sued Brae Burn for the resulting damage to the building. In August 2006, Concierge and Brae Burn settled their lawsuit for $3,000,000.00. Concierge alleges that, as part of the settlement, Brae Burn assigned its claims against the subcontractors and their insurers – Plaintiffs in this case – to Concierge.

Plaintiff Insurers filed this lawsuit seeking a declaration that Concierge does not have coverage under any of the relevant policies. Plaintiffs filed a Motion for Summary Judgment asserting, *inter alia*, that any purported assignment to Concierge of Brae Burn's claims against the Insurers was invalid under the anti-assignment provisions of the relevant insurance policies.[1] Concierge, in opposition to the Motion for Summary Judgment, argued that the anti-assignment provisions did not apply to post-loss assignments, did not apply absent a showing that the Insurer has been prejudiced by the assignment, and did not apply because the Insurers were estopped to assert the provisions because they breached their duty to defend Brae Burn.

---

[1] Each Insurer's insurance policy includes an anti-assignment provision precluding assignment of any rights and duties under the policy without the Insurer's written consent.

The Court stated that Concierge had not asserted estoppel as an affirmative defense, thus waiving the defense. *See* Memorandum and Order [Doc. # 58], p. 4. The Court also noted that the United States Court of Appeals for the Fifth Circuit had rejected the arguments regarding anti-assignment provisions not applying to post-loss assignments and the requirement for the insurer to show prejudice. *See id.* at 4-5 (citing *Keller Foundations, Inc. v. Wausau Underwriters Ins. Co.*, 626 F.3d 871 (5th Cir. 2010)). As a result, the Court granted summary judgment in favor of Plaintiff Insurers.

Concierge filed the pending Motion for New Trial, correctly noting that it asserted estoppel as an affirmative defense in its Answer. The Motion is now ripe for decision.

## II.    MOTION FOR RECONSIDERATION OF PRIOR RULING

A motion for reconsideration pursuant to Rule 59 of the Federal Rule of Civil Procedure requires either a manifest error or newly discovered evidence. *See Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). A Rule 59 motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc..* 367 F.3d 473, 479; *see also Cates v. Hertz Corp.*, 347 F.

App'x 2, 6 (5th Cir. Aug. 11, 2009). Relief under Rule 59 "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Rule 10(b) of the Federal Rules of Civil Procedure requires that defenses be asserted in separate numbered paragraphs. *See* FED. R. CIV. P. 10(b). The Court does not consider a failure to comply with Rule 10(b), however, to be a basis for deeming Concierge to have waived the defense. *See, e.g., Amous v. Trustmark Nat'l Bank*, 195 F.R.D. 607, 609 (N.D. Miss. 2000). This is particularly true since, in this case, Concierge stated in its Answer that Plaintiffs were "estopped from asserting" the anti-assignment provision because they breached their duty to defend Brae Burn. As a result, the Court grants Concierge's Motion to the extent that the estoppel defense is not deemed waived and will be considered on the merits.

### III.  CONCLUSION AND ORDER

Concierge did not assert its estoppel defense in a separate numbered paragraph as required by Rule 10(b). Concierge did, however, assert estoppel in its Answer. As a result and in the interest of justice, it is hereby

**ORDERED** that Defendants' Motion for New Trial [Doc. # 60] is **GRANTED** to the extent that the Court will consider the estoppel defense on the merits. It is further

**ORDERED** that Plaintiffs and Concierge shall file by **March 14, 2011**, briefs addressing whether, as a matter of Texas law, an insurer's alleged breach of the duty to defend estops the insurer from asserting an anti-assignment provision in connection with its duty to indemnify. Responsive briefs must be filed by **March 21, 2011**.

SIGNED at Houston, Texas, this **11th** day of **February, 2011**.

_____
Nancy F. Atlas
United States District Judge