IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, *et al.*, <br>     Plaintiffs, <br><br> v. <br><br> CONCIERGE CARE NURSING CENTERS, INC., *et al.*, <br>     Defendants. | § § § § § § § § § § | CIVIL ACTION NO. H-10-2243 |

## **MEMORANDUM AND ORDER**

This insurance coverage case is before the Court for consideration of whether, as a matter of Texas law, an insurer's alleged breach of the duty to defend[1] estops the insurer from asserting an anti-assignment provision in connection with its duty to indemnify. All other issues in the case were previously decided in the Court's Memorandum and Order [Doc. # 58] granting summary judgment in favor of Plaintiffs Nautilus Insurance Company ("Nautilus"), Evanston Insurance Company ("Evanston"), Amerisure Insurance Company ("Amerisure"), Travelers Lloyds Insurance Company, Travelers Property Casualty Company, and Travelers Indemnity

---

[1] Defendants, in fact, do not assert a claim in this case for a breach of the duty to defend. Instead, Defendants merely assert as a predicate fact that Plaintiffs breached their duty to defend and therefore may not rely on an anti-assignment clause in the insurance policies.

Company of Connecticut (collectively, "Travelers") (collectively, the "Insurers"). The Court has reviewed the full record. Based on that review and the application of governing and persuasive legal authorities, the Court concludes that the Insurers are entitled to summary judgment on the estoppel argument asserted by Defendants Concierge Care Nursing Centers, Inc. and Houston Concierge Care, L.P. (collectively, "Concierge").

## I.     BACKGROUND

In 1999, Brae Burn Construction Company, Inc. ("Brae Burn") entered into a contract to build a skilled nursing facility for Concierge. Brae Burn entered into subcontracts with Nevco Waterproofing, Inc. (insured by Nautilus), Antex Roofing, Inc. (insured by Travelers), Mitchell Chuoke Plumbing, Inc. (insured by Amerisure) and Conex Constructors, Inc. (insured by Evanston). Brae Burn was not a named insured in any of the relevant insurance policies.

Concierge claimed that the building developed water leaks and mold, and sued Brae Burn for damage to the building. Concierge and Brae Burn settled their lawsuit for $3,000,000.00. As part of the settlement, Brae Burn purported to assign its claims against the subcontractors and their insurers to Concierge.

Concierge, as Brae Burn's purported assignee, filed a lawsuit against the subcontractors and the Insurers for indemnity. When Concierge non-suited the

Insurers from the lawsuit, Insurers filed this suit seeking a declaration that Concierge does not have coverage under any of the relevant policies. A few days later, Concierge refiled its claims against the Insurers.

Insurers filed a Motion for Summary Judgment asserting, *inter alia*, that any purported assignment to Concierge of Brae Burn's claims against the Insurers is invalid under the anti-assignment provisions of the relevant insurance policies. The Court granted summary judgment in favor of Insurers based on the anti-assignment provision. The Court failed to address Concierge's argument that Insurers were estopped to assert the anti-assignment provisions, and as a result, granted Concierge's Motion for New Trial as to that single issue. *See* Memorandum and Order [Doc. # 66]. The estoppel issue has been fully briefed and is now ripe for decision.[2]

## II. ANTI-ASSIGNMENT PROVISIONS

Each Insurer's insurance policy includes an anti-assignment provision precluding assignment of any rights and duties under the policy without the Insurer's written consent. Concierge argues that these anti-assignment provisions do not apply

---

[2] Insurers filed a Joint Supplemental Brief on the Ineffectiveness of Concierge's Estoppel Defense [Doc. # 68], Concierge filed a Brief Regarding Whether Insurers' Breach of Duty to Defend Estops Insurers From Asserting Anti-Assignment Provisions [Doc. # 69], Insurers filed a Joint Response to Concierge's Brief on Estoppel [Doc. # 71], Concierge filed a Reply to Insurers' Joint Supplemental Brief in the Ineffectiveness of Concierge's Estoppel Defense [Doc. # 72], and Evanston Insurance Company filed a Reply to Concierge's Response [Doc. # 74].

because the Insurers breached their duty to defend Brae Burn and, therefore, are estopped to assert the provisions. Insurers argue that Concierge's estoppel defense is not legally or factually viable. Based on binding and persuasive legal authorities, the Court concludes as a matter of law that an estoppel defense based on an insurer's alleged breach of the duty to defend the purported assignor cannot defeat enforcement of an anti-assignment clause in an insurance policy.

Anti-assignment clauses have been "consistently enforced by Texas courts." *See Farmers Ins. Co. v. Gerdes*, 880 S.W.2d 215, 218 (Tex. App. – Fort Worth 1994, writ denied). Contrary to the majority rule, Texas courts enforce anti-assignment clauses post-loss and without requiring the insurer to show prejudice. *See Keller Foundations, Inc. v. Wausau Underwriters Ins. Co.*, 626 F.3d 871, 875-76 (5th Cir. 2010). Indeed, "Texas courts uphold anti-assignment provisions so long as they do not interfere with the operation of a statute." *Choi v. Century Surety Co.*, 2010 WL 3825405, *4 (S.D. Tex. Sept. 27, 2010) (citing *Tex. Dev. Co. v. Exxon Mobil Corp.*, 119 S.W.3d 875, 880 (Tex. App. – Eastland 2003, no pet.) (citing *Reef v. Mills Novelty Co.*, 89 S.W.2d 210, 211 (Tex. 1936))).

Concierge has cited no case in which a Texas court, state or federal, has accepted an estoppel argument as a defense to the enforcement of an anti-assignment clause in an insurance policy. Concierge relies on general language in its cited cases

that an insurer who breaches the duty to defend cannot enforce conditions precedents or procedural requirements in the policy. *See, e.g., National Union Fire Ins. Co. v. Puget Plastics Corp.*, 649 F. Supp. 2d 613, 620 (S.D. Tex. 2009) (stating in *dicta* that an insurer that breaches its duty to defend "loses all procedural protections, including the ability to enforce 'no action' and 'no voluntary assumption of liability' clauses"). Concierge then asserts, without supporting legal authority, that the anti-assignment provision is a procedural requirement. *See* Defendants' Brief [Doc. # 69], p. 5. Anti-assignment clauses, however, affect whether a plaintiff has standing – an issue separate and distinct from a condition precedent or a procedural requirement governing how claims are handled. *See, e.g., Choi*, 2010 WL 3825405 at *5. Indeed, in the policies at issue in this case, the anti-assignment clause is in the section that relates to fundamental insurance issues such as the calculation of premiums and the situations under which Insurers may cancel the insurance. The "no action" clauses are in an entirely different section of the policies – the section dealing with the insured's duties after a loss that are conditions precedent to coverage.

      Moreover, the cases relied on by Concierge all involve an estoppel defense to application of a "no action" or "no voluntary assumption of liability" clause. *See Gulf Ins. Co. v. Parker Prods., Inc.*, 498 S.W.2d 676, 679 (Tex. 1973); *Rhodes v. Chicago Ins. Co.*, 719 F.2d 116, 120 (5th Cir. 1983); *National Union Fire Ins. Co. v. Puget*

*Plastics Corp.*, 649 F. Supp. 2d 613, 620 (S.D. Tex. 2009); *Willcox v. American Home Assur. Co.*, 900 F. Supp. 850, 856 (S.D. Tex. 1995).  Such clauses provide generally that "no action" will lie against the insurer unless, as a condition precedent, there has been full compliance by the insured with all the terms of the policy, and that the insurer will not be required to pay until the obligation has been legally determined either by judgment after an actual trial or by written agreement of the insured, the claimant and the insurer.  *See, e.g., Gulf Ins.*, 498 S.W.2d at 679.  Texas courts hold that an insurer's breach of the duty to defend estops the insurer from enforcing these "no action" clauses.

Texas courts do not, however, hold that an insurer's alleged breach of the duty to defend precludes enforcement of an anti-assignment clause.  In *Keller Foundations*, the Fifth Circuit noted that Texas courts make a clear distinction between anti-assignment clauses and "settlement-without-consent" and similar clauses.[3]  *See Keller Foundations*, 626 F.3d at 876.  The Fifth Circuit noted, as an example, that Texas courts require the insurer to show prejudice in "settlement-without-consent" cases, but

---

[3]   Keller Foundations purchased certain assets and assumed certain liabilities from Suncoast Post-Tension, Inc., an insured of Wausau Underwriters Insurance Company. Keller Foundations sought a defense and indemnity from Wausau in connection with post-sale lawsuits. Wausau asserted an anti-assignment provision in its policy. Keller Foundations argued that Wausau could not assert the anti-assignment provision, citing cases involving "no action" clauses. The Fifth Circuit held that anti-assignment provisions were distinct from "no action" clauses and that Wausau was therefore entitled to summary judgment on Keller Foundations claims.

do not require any such showing in anti-assignment cases. *See id.* The Fifth Circuit then held that Texas cases recognizing defenses against enforcement of "no action" and similar clauses in an insurance policy are not applicable to cases involving anti-assignment provisions. *See id.*

In sum, Texas law favors enforcement of anti-assignment clauses except when they interfere with the operation of a statute. Texas courts distinguish between "no action" clauses – the subject of the cases relied upon by Concierge – and anti-assignment clauses. As Concierge has produced no legal authority that estoppel based on an insurer's alleged breach of its duty to defend can preclude enforcement of a valid anti-assignment clause, the Insurers are entitled to summary judgment on Concierge's estoppel defense.

## IV.   CONCLUSION AND ORDER

An alleged breach of an insurer's duty to defend does not estop the insurer from asserting a valid anti-assignment provision in the insurance policy. As a result, the anti-assignment provisions in the Insurers' policies in this case bar Concierge's claims against Insurers. It is hereby

**ORDERED** that Insurers' Motion for Summary Judgment [Doc. # 44] on the estoppel issue is **GRANTED**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **8th** day of **April, 2011**.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge